# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| BEVERLY PARKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:09-CV-134 |
| | ) |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Defendant Life Insurance Company of North America removed this case to this Court from the Allen Superior Court in Allen County, Indiana, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 4.) The Notice of Removal alleges that Plaintiff Beverly Parke is a resident of the state of Indiana and "at all time[s] relevant" the Defendant was incorporated in the state of Pennsylvania and had its principal place of business there. (Notice of Removal ¶ 3.)

Defendant's Notice of Removal, however, is inadequate. This is because the "residency" of each party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters."[1] *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).
    Moreover, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc.*, 142 F.R.D. at 152.

that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332. "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted)); *see generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006).

Therefore, the Court must be advised of each party's citizenship, not residency. As to the Plaintiff, "[f]or natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Am.'s Best Inns, Inc.*, 980 F.2d at 1074 ("In federal law citizenship means domicile, not residence."). The Complaint, Amended Complaint, and Defendant's Notice of Removal merely indicate that the Plaintiff is a resident of the state of Indiana. The Defendant's jurisdictional allegations in its Notice of Removal are therefore inadequate. In addition, the Court needs to know where the Defendant was incorporated at the time the Complaint was filed, and also where its principal place of business was located.

Accordingly, Defendant is ORDERED to supplement the record forthwith as to the Plaintiff's citizenship by filing an amended Notice of Removal.

SO ORDERED.

Enter for this 21st day of May, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge